UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TODD S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-1368-MJP-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Todd S. seeks reversal of the Commissioner's decision denying his applications for Supplemental Security Income and Disability Insurance Benefits applications, and remand for additional administrative proceedings. He contends that the Appeals Council acted arbitrarily in rejecting post-decision medical evidence and that this case should be remanded for further development of the record and a new decision. Dkt. 18. The court finds that the new evidence leaves the ALJ's decision unsupported by substantial evidence and recommends that the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## BACKGROUND

The ALJ issued a decision finding plaintiff not disabled on October 30, 2017. Tr. 448-59. Plaintiff requested review by the Appeals Council and submitted, for the first time, medical records from King County Public Health, dated November 30, 2016, through June 20, 2018, and

REPORT AND RECOMMENDATION - 1

from treating orthopedist Jerry Huang, M.D., dated May 7, 2018. Tr. 8-117, 121-25, 126-441. The Appeals Council found that plaintiff did not have good cause for not submitting the evidence that predated the ALJ's decision earlier. Tr. 2. The Appeals Council further found that the records that postdated the ALJ's decision did not relate to the period before the ALJ's decision and therefore did not affect the decision about whether plaintiff was disabled through the date of the ALJ's decision. *Id.* The Appeals Council denied plaintiff's request for review, making ALJ's decision the Commissioner's final decision. Tr. 1.

## RELEVANT EVIDENCE AND ALJ DECISION

*1.    Evidence of Dupuytren's contracture before the ALJ*

In July 2016, plaintiff reported to his treating doctor that he had noticed increasing tightness in his right hand for years; it had continued to worsen and was limiting his activities with the right hand, and he had pain if he really tried to use his hand for anything. Tr. 1087. He reported that it was also present in his left hand, but not as severe as on the right. *Id.* The doctor diagnosed Dupuytren's contracture and initiated a referral to orthopedics. Tr. 1090.

At the hearing, plaintiff testified that his care providers were trying to find a specialist for his hands after a provider at Swedish declined a referral. Tr. 487-88. He testified that he could not open his hand all the way, that his right hand was very bad but his left was not quite as bad, and that it was more comfortable for him to keep his hand closed. Tr. 487. He testified that he first noticed an impact from his hand condition four or five years ago. Tr. 488. He testified that it would be pretty painful to grasp and swing a hammer, but that he could pick up small things with two fingers. Tr. 488.

*2.   The ALJ's findings*

The ALJ found at step two that Dupuytren's contracture bilaterally was a medically determinable severe impairment. Tr. 450. The ALJ's residual functional capacity finding limited plaintiff to frequent handling. Tr. 452. The ALJ found that plaintiff had made sporadic complaints of hand problems due to Dupuytren's contracture, but the records make minimal mention of this condition. Tr. 455. The ALJ discussed the July 2016 treatment note, finding that plaintiff had reported increasing tightness and made vague complaints of pain with activity. *Id.* The ALJ noted plaintiff's testimony that he was able to cook and had the finger dexterity to pick up small objects. *Id.* The ALJ found that the record contained no significant treatment for this issue. *Id.* The ALJ stated that despite the minimal findings, she considered the evidence in the light most favorable to plaintiff and limited him to only frequent handling to accommodate his hand complaints, which he reported were worsened by significant use. *Id.*

*3.   New evidence of Dupuytren's contracture*

At the May 2018 visit with Dr. Huang, plaintiff reported pain and contractures in both hands, with right greater than left, that had been ongoing for three years. Tr. 121. Plaintiff reported that he had not had any treatment for this other than stretching his hands himself. *Id.* He reported that his pain was 8 out of 10 and was aggravated by activity, and he noted decreased strength. *Id.* He reported that the symptoms were gradually worsening. *Id.* Upon examination, Dr. Huang found thick pretendinous cord base of the right ring finger with 70 degree MCP contracture and 20 degree PIP contracture; he found thick pretendinous cord base of the left ring finger with 5 degree MCP flexion contracture. Tr. 123. Dr. Huang assessed "a significant flexion contracture with a positive tabletop test and disability from the flexion contracture." *Id.* He found that plaintiff was a candidate for surgery or needle aponeurotomy treatment. *Id.*

REPORT AND RECOMMENDATION - 3

## DISCUSSION

Plaintiff argues that Dr. Huang's treatment note is new and material evidence that relates back to the date of the hearing decision, and presents a reasonable probability that it would change the outcome of the decision. Dkt. 18 at 3. He asserts that the court should remand the case for further administrative proceedings to allow the ALJ to consider this evidence and further develop the record. *Id.* at 9-10. The Commissioner contends that the new evidence does not undermine the substantial evidence supporting the ALJ's decision and that remand is not warranted. Dkt. 19 at 4.

Under 20 C.F.R. § 404.970(a)(5), the Appeals Council will review a case if it receives additional evidence that is new, material, and relates back to the period on or before the date of the ALJ's decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision. An Appeals Council decision declining to review an ALJ's decision is a non-final agency action that this court does not have jurisdiction to review. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). However, when the Appeals Council considers new evidence in deciding whether to review the ALJ's decision, that evidence becomes part of the administrative record that this court considers when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

This court cannot find, as plaintiff asks, that the Appeals Council acted arbitrarily in rejecting the post-decision evidence of Dupuytren's contracture, as the court does not have jurisdiction to review the Appeals Council decision. However, upon review of the entire record, including the evidence from Dr. Huang, the court finds that the ALJ's decision is not supported

REPORT AND RECOMMENDATION - 4

by substantial evidence and that remand for further administrative proceedings is the appropriate remedy.

The Commissioner argues that Dr. Huang's opinion tracks the ALJ's findings regarding the existence and severity of plaintiff's Dupuytren's contracture and adds nothing new. Dkt. 19 at 4. To the contrary, Dr. Huang's treatment notes provide specific, objective evidence of the severity of plaintiff's impairment. This evidence undermines the ALJ's finding that plaintiff's complaints were vague and the findings were minimal. It does not merely track plaintiff's testimony, but bolsters it with objective findings.

Also important is the fact that plaintiff testified that he was seeking treatment for the condition at the time of the hearing, but his care providers had not yet found a specialist who would accept a referral for his care. Plaintiff asserts that he is on Medicaid and it is challenging for Medicaid patients to be seen by specialists outside primary care clinics like King County Public Health that serve the poorest segments of the community. Dkt. 18 at 5 n.1. In evaluating a claimant's subjective statements, the ALJ must consider possible reasons the claimant did not seek treatment consistent with his complaints, including that the claimant may not be able to afford treatment and may not have access to free or low-cost medical services. Social Security Ruling 16-3p. It does not appear that the ALJ considered plaintiff's difficulty accessing specialized care as a possible reason why he had not received significant treatment for his Dupuytren's contracture. The ALJ's finding that plaintiff received no significant treatment for Dupuytren's contracture is undermined by the fact that plaintiff obtained such treatment when he was able to find a specialist willing to provide care.

Finally, the vocational expert testimony highlights the importance of this evidence to the outcome of this case. The VE testified that the jobs he identified—mailroom clerk, routing clerk,

REPORT AND RECOMMENDATION - 5

and marketing clerk—all required frequent handling. Tr. 494. He testified that if a person is limited to occasional handling, there would be a significant erosion of the job base. Tr. 494-95. He testified that very few jobs have occasional handling, and those jobs have very few numbers. Tr. 495. Dr. Huang's treatment note leaves the ALJ's finding on plaintiff's ability to handle unsupported by substantial evidence. The VE testimony demonstrates that issue of plaintiff's ability to handle could be determinative on the question of whether there are jobs available in significant numbers in the national economy that plaintiff could perform.

The new evidence, when considered along with the evidence before the ALJ, leaves the ALJ's RFC finding and ultimate finding of nondisability unsupported by substantial evidence. Accordingly, the court recommends that this case be remand for further administrative proceedings.

Plaintiff makes no substantive argument with respect to the King County Public Health records he submitted to the Appeals Council. However, as the court recommends this case be remanded for further proceedings, the ALJ should evaluate these records as part of the reevaluation of the entire record on remand.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical evidence from Dr. Huang and King County Public Health, further develop the administrative record, reevaluate plaintiff's residual functional capacity, and redo the five-step disability evaluation process as necessary and appropriate to make a new decision in this case.

1   A proposed order accompanies this Report and Recommendation. Any objection to this
2 Report and Recommendation must be filed and served no later than **March 15, 2019**. If no
3 objections are filed, the Clerk shall note the matter as ready for the Court's consideration on that
4 date. If objections are filed, any response is due within 14 days after being served with the
5 objections. A party filing an objection must note the matter for the Court's consideration 14 days
6 from the date the objection is filed and served. Objections and responses shall not exceed ten
7 pages. The failure to timely object may affect the right to appeal.
8   DATED this 1st day of March, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7